## POWER OF JUSTICE OF PEACE TO PUNISH FOR REFUSAL TO ANSWER.

Circuit Court of Cuyahoga County.

CHARLES O. REHBURG v. A. J. HIRSTIUS, SHERIFF, ET AL.

Decided, May 9, 1910.

*Contempt—Refusal of Witness to Answer—Jurisdiction of Justice of the Peace.*

A justice of the peace has power to punish a witness in a case before him for refusal to answer a question germane to an injury as to the service in the case.

*Laubscher & Kees,* for plaintiff in error.
*Walter McMahon,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The action below was a proceeding in habeas corpus begun by Charles O. Rehburg to obtain his release from imprisonment for contempt of court in refusing to answer the question "Who does business as H. Rehburg, if you know," in a civil action brought before a justice of the peace against "H. Rehburg, doing business as Rehburg Electrical Company."

Upon suggestion that H. Rehburg was dead, that the return of service upon him was erroneous, and that service had in fact been made upon Charles O. Rehburg, who was not the proprietor of the business in question, the justice advised him to move to quash the service of summons upon him. Such motion was thereupon made, and Charles O. Rehburg was sworn as a witness in support of his said motion. Upon cross-examination he declined to answer the question above quoted.

We think the justice had jurisdiction to inquire into the validity of this service, the return of which was apparently regular. But whether so or not, the plaintiff in error was estopped to deny the jurisdiction which his own motion invoked. It is no answer to say that he was trapped into his present plight. The suggestion by the justice that he made the motion to quash was in no

sense coercive.   Nor could he, by forbearing to press his motion, or to offer his own further testimony in support of it, deprive the court of jurisdiction to continue the inquiry concerning the truth of the return of service and to compel the witness to submit to such reasonable cross-examination as would test his veracity and recollection.

Judgment affirmed.